UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**J.C. ASSOCIATES,**

    **Plaintiff,**

       **v.**

**FIDELITY & GUARANTY INSURANCE COMPANY,**

    **Defendant.**

Civil Action No. 01-2437 (RJL/JMF)

## ORDER

In accordance with the accompanying Memorandum Opinion, it is, hereby,

**ORDERED** that the defendant advise me, within ten days, as to the following:

1. Is the defendant willing to surrender the 428 files to the plaintiff pursuant to a protective order in which it would be agreed that the surrender of the files to plaintiff is not a waiver or either the attorney-client or work-product privileges?

2. Are there any other restrictions that exist pursuant to statute or the common law that would preclude the defendant's surrendering the 428 files to the plaintiff?

3. If the answer to question # 2 is yes, can a protective order be fashioned to alleviate any concern pertaining to these restrictions?

4. Are the 428 files currently in an electronic format and presently capable of being searched electronically for the existence of certain words within them?

5. If the files are in another format, what is it and if that format does not permit the kind of search described in question # 4, can they be converted into a format that

would permit such a search? Does the defendant know whether such a conversion can be done using the technology the defendant already has and, if not, can defendant estimate the cost of such conversion?

It is further, hereby,

**ORDERED** that, as to the discovery of seminar information relating to the interpretation of the pollution exclusion, my order of March 31, 2003, as it pertains to Interrogatory No. 16, is amended as follows. Defendant will be required to identify all the seminars, conferences and presentations "at which the interpretation of the pollution exclusion was discussed or reviewed" *by a person then-employed by the defendant* (new matter in italics). It is further, hereby,

**ORDERED** that, as to the discovery of seminar information relating to the interpretation of the pollution exclusion, defendant will be required to send the e-mail to all persons presently employed by the defendant who are reasonably likely to have attended a seminar, conference, or presentation, within the past five years, in which the pollution exclusion was discussed by a person then-employed by the defendant. Counsel for the defendant will file, within five days of sending the e-mail regarding seminars, a praecipe indicating when the e-mail and how it determined who should receive it. Counsel will then report the results to opposing counsel within ten days of sending the e-mail.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: