UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.C. ASSOCIATES,<br><br>    Plaintiff,<br><br>        v.<br><br>FIDELITY & GUARANTY INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 01-2437 (RJL/JMF) |

**ORDER**

This case is before me for resolution of discovery disputes. Although some progress has been made, there remains the central issue of whether or not plaintiff is entitled to discovery regarding "other claims and litigation related to the policy language upon which the defendant relies for its denial of coverage." Plaintiff's Memorandum Regarding Pending Discovery Issues at 2.

To briefly recap, plaintiff claims that defendant breached the terms of the insurance policy at issue by refusing to provide coverage following plaintiff's use of a pesticide on a property plaintiff managed. Defendant, on the other hand, argues that it had no obligation to defend or indemnify plaintiff upon the theory that the pesticide plaintiff used was "a pollutant" and that the insurance policy was never meant to cover the use of pollutants. The policy's "absolute pollution exclusion" is thus at the heart of the matter.

As I have noted many times in the past, the information plaintiff seeks is clearly relevant. For example, information as to how defendant interpreted the absolute pollution exclusion

would qualify as an admission under Rule 801 of the Federal Rules of Evidence and relevant to the claim presented by plaintiff if that interpretation is different from the interpretation that the defendant is asserting in this case.  The issue therefore, is not relevance, but rather burdensomeness.  Since the underlying claims settled for a total of $124,000,[1] I am acutely aware that plaintiff cannot seek any greater indemnification and that the cost of any future discovery must be considered in light of the amount in controversy.

The discovery plaintiff seeks is of the 1.4 million active and inactive claim and litigation files in defendant's possession.  To date, although the defendant has not physically searched the 1.4 million files, the defendant has conducted an electronic search of the files, using internal codes that identify the category of the claim. Defs. Statement at 7-8.  This search identified 454 claims, including the 6 claims at issue in this case. Id. at 8.

In order to facilitate the next step in the resolution of this issue, I convened a status hearing in this matter on May 16, 2006.  The purpose of the hearing was to determine how best to proceed with the search of the 454 claims previously identified by defendant.  Having heard from both plaintiff and defendant, the parties will now be required to take the following action:

1. Within 10 days of the date of this Order, plaintiff will make available to defendant, a copy of OmniPage Pro, a document conversion program, unless the defendant already owns that program.

2. Defendant will then randomly pull and scan 25 of the 454 files previously identified.

---

[1] Defendant's Position Statement Regarding Unresolved Discovery Issues ("Defs. Statement") at 4.

3. Once the documents have been scanned and converted into a searchable document by the use of OmniPage Pro, defendant will conduct an electronic search of the files. Specifically, defendant will search for the following terms: 1) pollution, 2) pollutant, 3) pesticide, and 4) insecticide.

4. Defendant will pull any files that contain these words and ascertain whether they are or they contain documents that are responsive to plaintiff's discovery demand. If it is possible to do so, without waiving any privilege, defendant shall make the documents available to plaintiff. If defendant can, in good faith, redact a document so that it is comprehensible and meets the plaintiff's discovery demand but does not waive any privilege, it shall do so. If that is impossible, defendant will review the relevant documents to ascertain whether they are privileged. If privilege must be claimed as to any of the relevant documents, defendant will then submit the responsive files to chambers along with a privilege log.

5. Defendant will also submit an affidavit attesting to (a) the time and costs that were expended on the search I have ordered and the costs that were expended redacting the documents and reviewing them for privilege. I expect that attorney time will only be expended on work that requires an attorney's skill and judgment.

6. At that point, I will first determine whether or not any additional search is necessary. I reserve the right to determine whether an evidentiary hearing is necessary or whether I have the information I need to determine, pursuant to the "marginal utility" rationale I articulated in McPeek v. Aschroft, 202 F.R.D. 31, 34 (D.D.C. 2001), whether any further discovery is warranted and who should bear

the cost of that discovery.  See also Wiginton v. CB Richard Ellis, Inc., 229 F.R.D. 568, 572-73 (N.D. Ill. 2004); Zubulake v. UBS Warburg LLC, 216 F.R.D. 280, 284 (S.D.N.Y. 2003); Rowe Entertainment, Inc., v. The William Morris Agency, Inc., 205 F.R.D. 421, 429 (S.D.N.Y. 2002).

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: